UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

vs.                                          Docket No.: 23-cv-745

JEFFERY COPP,

                                          JURY TRIAL DEMANDED
                Defendant.

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Jeffery Copp, by and through his *pro bono* assigned attorney, Vincent T. Parlato, Esq., answers Plaintiff, the United States of America's Complaint (ECF Docket No. 1), following service of an Amended Summons (ECF Docket No. 29) paragraph by paragraph, as follows:

1. Admit the allegations in paragraph "1" of Plaintiff's Complaint.

2. Admit the allegations in paragraph "2" of Plaintiff's Complaint.

3. Admit the allegations in paragraph "3" of Plaintiff's Complaint.

4. Admit the allegations in paragraph "4" of Plaintiff's Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "5" of Plaintiff's Complaint.

6. Deny the allegations in paragraph "6" of Plaintiff's Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "7" of Plaintiff's Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "8" of Plaintiff's Complaint.

9. Deny the allegations in paragraph "9" of Plaintiff's Complaint.

10. Admit the allegations in paragraph "10" of Plaintiff's Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "11" of Plaintiff's Complaint.

12. Deny the allegations in paragraph "12" of Plaintiff's Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "13" of Plaintiff's Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "14" of Plaintiff's Complaint.

15. Deny the allegations in paragraph "15" of Plaintiff's Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "16" of Plaintiff's Complaint.

17. Deny the allegations in paragraph "17" of Plaintiff's Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "18" of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE, FAILURE TO SERVE PROCESS AND PREDICATE NOTICES, AND INSUFFICIENT PROCESS

19. Plaintiff failed to serve New York State statutorily-required predicate notices upon Defendant, which the United States as Plaintiff is obliged to follow in a United States District Court sitting in New York when attempting to foreclose a residential property. *See* 42 U.S.C. § 1475(b).

20. Plaintiff has issued a deficient New York Real Property Actions and Proceedings Law ("RPAPL") § 1320 special summons, which is not in boldface. Plaintiff has failed to issue a RPAPL § 1303 notice, which must be appended to the summons and complaint.

21. Plaintiff's Notice of Pendency fails to comply with New York Civil Practice Law and Rule § 6511(a) by filing the complaint with the Notice of Pendency, where Plaintiff filed a defective original complaint, obtained an Amended Summons, and then filed a standalone notice of pendency in this action.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

22. Plaintiff has failed to serve Defendant and obtain personal jurisdiction over Defendant and over the property the subject of this action.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

23. Plaintiff has failed to specify the amount it is entitled to recover of Defendant and of the balance due under the loan and recapture amount.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

24. Plaintiff has failed to mitigate its damages, including in cooperating with Defendant in prior attempts to communicate with Plaintiff and others for loan assistance, loan repayment assistance and payment plans, tax offsets, exemptions, and other plans and assistance designed to avoid default on the loan.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

25. Plaintiff has failed to notify and serve all parties with interests in the subject real property of this lawsuit.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

26. Plaintiff's claim is barred by the doctrine of unclean hands.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

27. Plaintiff is barred from seeking money damages and monetary-based relief against Defendant and Defendant's property in light of Defendant's bankruptcy discharge acknowledged by Plaintiff in the Complaint. Alternatively, Plaintiff is limited to only new debts and obligations incurred by Defendant following Defendant's bankruptcy discharge.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

28. Plaintiff has failed to state a claim upon which relief may be granted.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

29. Defendant reserves the right to interpose any further affirmative defenses that may become apparent and available through the course of this action and through discovery.

Dated:   June 17, 2024

*/s/ Vincent T. Parlato*
Vincent T. Parlato, Esq.
*Pro Bono Attorney for Jeffery Copp*
69 Delaware Avenue, Suite 1008
Buffalo, New York 14202
716-430-8858
Vincent.Parlato@buffalonylegal.com