UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

              Plaintiff,

    v.

JEFFERY A. COPP,

              Defendant.

1:23-CV-00745 JLS (MJR)

REPORT AND
RECOMMENDATION

---

This case has been referred to the undersigned pursuant to Section 636(b)(1) of Title 28 of the United States Code, by the Honorable John L. Sinatra, Jr., to hear and report on dispositive motions for consideration by the District Court. (Dkt. No. 10). Before the Court is Plaintiff's motion for summary judgment seeking *in rem* foreclosure of real property. (Dkt. No. 37). For the following reasons, it is recommended that Plaintiff's motion be granted and a judgment of foreclosure and sale be issued.

## **PROCEDURAL HISTORY**

On July 26, 2023, Plaintiff United States of America filed a complaint seeking a judgment of foreclosure and sale on a mortgage encumbering 195 Laurie Lane, Grand Island, New York, pursuant to Article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL"). (Dkt. No. 1). Plaintiff provided a loan to defendant Jeffery A. Copp which was secured through a promissory note and mortgage on the subject real property. (*Id*.).

Originally acting *pro se*, Defendant sought several extensions of time to answer the complaint. (Dkt. Nos. 4; 8; 9). Defendant also sought appointment of *pro bono* counsel, which request was granted by this Court on January 2, 2024. (Dkt. Nos. 12; 13;

14; 16). Plaintiff has been fully represented by counsel during briefing and argument of the instant motion.

On December 5, 2023, Plaintiff moved for summary judgment. (Dkt. No. 15). Through counsel, Defendant opposed the motion on the grounds that several procedural deficiencies existed in Plaintiff's complaint and notice of pendency. (Dkt. No. 20). In response, Plaintiff moved to withdraw its motion for summary judgment in order to correct such deficiencies. (Dkt. No. 24). The Court held a conference on May 3, 2024, during which it granted Plaintiff's request and denied the pending motion for summary judgment without prejudice to renewal.

Defendant was re-served the summons and complaint on June 3, 2024. (Dkt. Nos. 37-1, ¶ 2; 29). Defendant was also served with certain notices under the RPAPL. (Dkt. Nos. 37-1, ¶ 4; 31). Plaintiff re-filed a notice of pendency, indicating that the Erie County Clerk was directed to index a notice showing that a foreclosure action had been commenced against Defendant with respect to the subject property. (Dkt. Nos. 28; 37-11). Defendant filed an answer to the complaint on June 17, 2024. (Dkt. No. 30).

The Court then issued a case management order and the parties proceeded with discovery. (Dkt. No. 33). The parties appeared before the Court on August 8, 2024 and October 30, 2024, during which time mediation and voluntary resolution of this matter was discussed. However no resolution was reached.

On October 31, 2024, Plaintiff filed the instant motion for summary judgment and *in rem* foreclosure pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Dkt. No. 37). Defendant filed a response in opposition (Dkt. No. 38). Plaintiff filed a reply. (Dkt. No. 39). On January 7, 2025, the Court heard argument on Plaintiff's renewed motion for

summary judgment. The Court considered the matter submitted for report and recommendation at that time.

## FACTS[1]

This action is an *in rem* foreclosure of certain real property located at 195 Laurie Lane, Grand Island, New York 14072. (Dkt. No. 37-1, ¶ 5). On or about March 7, 2008, Plaintiff, by and through its agency, USDA Rural Housing Service, loaned Defendant Jeffery A. Copp, the sum of $139,000.00. (Dkt. No. 1, ¶ 2). Defendant executed a promissory note evidencing his indebtedness and promising to pay back to Plaintiff the amount of the loan plus interest at 5.375% in specified monthly installments. (*Id.*, ¶¶ 2-3; Ex. A). As security for repayment of the note, Defendant executed a mortgage as to the real property located at 195 Laurie Lane. (*Id.*, ¶ 4; Ex. B). The mortgage was duly recorded in the Erie County Clerk's Office on March 7, 2008 and Plaintiff is the holder of the promissory note and mortgage. (*Id.*, ¶¶ 5-7).[2]

Defendant breached and violated the provisions of the promissory note and mortgage by failing to make payments of the principal and interest. (Dkt. Nos. 1, ¶¶ 9,12; 37-1, ¶ 10). By reason of Defendant's default, Defendant's account was accelerated and Plaintiff declared the entire sum secured by the mortgage immediately due. (*Id.*). The amount due and payable to Plaintiff, as of October 21, 2024, is the sum of $289,616.27.

---

[1] The facts described herein are taken from the pleadings, motion papers, statements of undisputed facts, and exhibits filed in this lawsuit. When citing a proposed fact within Plaintiff's statement of material facts (Dkt. No. 37-1), the Court has confirmed that Defendant's responding statement (Dkt. No. 38) either admits the fact or fails to specifically controvert it with evidence. *See* W.D.N.Y. L.R. Civ. P. 56(a).

[2] Pursuant to the terms of certain Subsidy Repayment Agreements and/or Interest Credit Agreements executed by the Plaintiff and Defendant, Defendant received a subsidy reduction in the payments due and/or the interest described in the promissory note was reduced during each agreement's effective period. (Dkt. No. 1, ¶ 8; Ex. D). Plaintiff alleges that the subsidy received and/or any interest credit assistance is subject to recapture upon disposition of the property. (*Id.*).

(Dkt. No. 37-1, ¶ 11). Plaintiff requests sale of the subject property and entry of judgment *in rem* for $260,192.00, together with interest and other costs and fees. (Dkt. No. 1, ¶¶ 11-13).

On September 12, 2017, Plaintiff filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of New York under Case Number 1-17-11901-CLB. (Dkt. No. 37-1, ¶ 12). On December 14, 2017, the Bankruptcy Court issued an Order discharging Defendant, and the bankruptcy case was subsequently closed on February 21, 2018. (*Id.*). Plaintiff is seeking to enforce its security interest in the mortgaged property through this action. (*Id.*).

## DISCUSSION

"In a mortgage foreclosure action under New York law, a lender must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt." *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 Fed. Appx. 30, 32 (2d Cir. 2012) (summary order) (citation omitted). Thus, "once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has established a *prima facie* entitlement of judgment, and the burden shifts to defendant to rebut the plaintiff's evidence." *Gustavia Home, LLC v. Bent*, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018). "Generally, a plaintiff in a mortgage foreclosure action is entitled to summary judgment if it establishes the existence of a mortgage, an unpaid note, and the defendant's default, and the defendant fails to raise a triable issue of fact in opposition." *PNC Bank, N.A. v. Klein*, 125 A.D.3d 953, 954 (2d Dept. 2015).

In addition, prior to commencing a residential foreclosure action in New York, a lender must comply with certain requirements set forth in the RPAPL. *Cit Bank N.A. v. Schiffman*, 36 N.Y.3d 550, 552 (2021); *see Ditech Fin. LLC v. Sterly*, 5:15-CV-1455, 2016

U.S. Dist. LEXIS 177934, at *8 (N.D.N.Y. Dec. 23, 2016) ("Article 13 of the RPAPL sets forth procedural requirements in a mortgage foreclosure action."). A lender must comply with the following requirements: "(1) service of the statutory notice on the mortgagor with the summons and complaint, (2) service of the statutory notice prior to commencing the action, (3) filing the required information with the superintendent of the New York State Department of Financial Services, (4) service of a summons containing specified language, and (5) filing the notice of pendency in compliance with RPAPL § 1331 and New York CPLR § 6511(a)." *Avail 1 LLC v. Lemme*, 23-CV-1527, 2024 U.S. Dist. LEXIS 193905, at *6 (N.D.N.Y. Oct. 24, 2024).

Here, the undisputed evidence, including the documentary evidence submitted in support of Plaintiff's motion, establishes that Plaintiff is entitled to summary judgment. Plaintiff has shown the existence of the debt, that the debt is secured by a mortgage, and that defendant has defaulted on that debt. Plaintiff has produced copies of the note and mortgage executed by defendant. (Dkt. Nos. 37-5; 37-6). Plaintiff has also provided proof of Defendant's default in the form of a Certificate of Indebtedness, (Dkt. No. 37-3), acceleration letters, (Dkt. No. 37-8), and the affidavit of Jennifer R. Jackson, an employee of the USDA Rural Housing Service who has reviewed the relevant records kept and maintained in the normal course of Plaintiff's business (Dkt. No. 37-3). *See Wilmington PT Corp. v. Gray*, 19-CV-1675, 2025 U.S. Dist. LEXIS 50559, at *8 (E.D.N.Y. Mar. 19, 2025) ("Summary judgment in a mortgage foreclosure action is appropriate where the Note and Mortgage are produced to the Court along with proof that the Mortgagor has failed to make payments due under the Note.").

Further, Plaintiff served the complaint, the notice of pendency, and the instant motion for summary judgment and *in rem* foreclosure on Defendant. (Dkt. Nos. 29; 37). No other legal action or proceeding has been brought for the sums secured by the promissory note and mortgage. (Dkt. No. 1, ¶ 14). No other defendants having an estate or interest in possession in the property, right of dower, or having a potential subordinate or adverse interest in Plaintiff's lien, have been identified. *See* RPAPL Section 1311.

Plaintiff has demonstrated compliance with Sections 1304 and 1306 of the New York RPAPL.[3] (Dkt. Nos. 29; 31; 37-3, ¶¶ 11-17). Plaintiff has also demonstrated compliance with RPAPL Sections 1303 and 1320 through re-service of the summons and complaint with required notices on Defendant.[4] (Dkt. Nos. 29; 31; 37-1, ¶ 4). Plaintiff filed the appropriate notice of pendency, along with the complaint, with this Court on May 14, 2024, and with the Clerk of Erie County on May 23, 2024. (Dkt. Nos. 28; 37-11).

Defendant asserts two defenses against foreclosure. First, he argues that Plaintiff is not entitled to summary judgment against him, individually, because he received a discharge of this debt resulting from a Chapter 7 bankruptcy petition.[5] Contrary to Defendant's claim, Plaintiff does not seek a judgment against Defendant Copp individually. Plaintiff acknowledges Defendant's bankruptcy discharge and affirms that it is seeking only to enforce its security interest in the property. Plaintiff is not seeking any

---

[3] RPAPL Section 1304 requires a lender to give notice to a borrower ninety days prior to initiating foreclosure action. RPAPL Section 1306 requires the lender to file certain information about the borrower with the New York State Department of Financial Services.

[4] RPAPL Section 1303 requires the foreclosing party to serve a statutory notice entitled "Help for Homeowners in Foreclosure" with the summons and complaint. RPAPL Section 1320 is discussed below.

[5] The discharge of a debt pursuant to 11 U.S.C. § 727 triggers the operation of 11 U.S.C. § 524, which protects the debtor from any personal liability on the debt. *See generally Green v. Welsh*, 956 F.2d 30, 33 (2d Cir. 1992).

monetary relief against Defendant. (*See* Dkt. No. 39, pgs. 3-4) ("The United States is not seeking a judgment against Mr. Copp for any monetary amount. He is named as a defendant based on his possessory interest in the property."). Indeed, the Government's renewed motion for summary judgment expressly seeks a judgment of foreclosure *in rem*, or in other words, a judgment against the subject property only. Thus, there is no issue of fact in this regard and Plaintiff may proceed with *in rem* foreclosure.

Second, Defendant asserts that there is a genuine issue of fact as to whether Plaintiff has complied with the RPAPL's notice and filing provisions. Defendant concedes that Plaintiff's actions causing re-issuance and re-service of a summons pursuant to the RPAPL have cured some of the deficiencies in Plaintiff's originally filed complaint. However, Defendant argues that Plaintiff has failed to cause the Clerk of Court to issue a "special summons" as required by RPAPL Section 1320 and Rule 4 of the Federal Rules of Civil Procedure. Defendant also argues that the affidavit and proof of service provided by Plaintiff is insufficient and defective.

RPAPL Section 1320 provides the following requirements for foreclosure in private residence cases:

> In an action to foreclose a mortgage on a residential property containing no more than three units, **in addition to the usual requirements applicable to a summons in the court, the summons shall contain a notice in boldface in the following form**:
>
> NOTICE
>
> YOU ARE IN DANGER OF LOSING YOUR HOME
>
> If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.

Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.

Sending a payment to your mortgage company will not stop this foreclosure action.

YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.

RPAPL § 1320 (emphasis added). Compliance with RPAPL § 1320 is a mandatory requirement in mortgage foreclosure actions. *Green Mt. Holdings, Ltd. v. 501 Lafayette Ave. LLC*, 21-CV-5844, 2023 U.S. Dist. LEXIS 146693, at *16 (E.D.N.Y. Aug. 18, 2023).

Plaintiff has provided undisputed evidence that it was compliant with these mandatory requirements and that it has cured any prior deficiencies. Plaintiff's renewed motion includes proof of a re-issued summons signed by this District's Clerk of Court on May 14, 2024. (Dkt. No. 37-11, pg. 7). Plaintiff also provides proof, in the form of an affidavit of service, that the RPAPL § 1320 notice, along with other required notices, were attached to the summons and complaint. (Dkt. No. 31). Service of the "special summons" and complaint on Defendant Copp was effectuated by the United States Marshal Service on May 29, 2024. (Dkt. Nos. 29; 31).

It is inconsequential that the RPAPL Section 1320 notice was served along with the summons and complaint, rather than the statutorily specified language having been included on the summons itself. Several courts have held the same. *See Windward Bora, LLC v. John Sotomayor*, 21-CV-7161, 2023 U. S. Dist. LEXIS 46850, at *13-14 (S.D.N.Y. Mar. 20, 2023) ("[C]ourts routinely find that a plaintiff complies with § 1320 by serving the notice along with the summons and complaint," rather than including the statutory

8

language on the summons form itself); *see also United States v. Lancor*, 5:19-CV-936, 2022 U.S. Dist. LEXIS 176691, at *4 (N.D.N.Y. Sept. 29, 2022) (finding that plaintiff had cured a prior Section 1320 notice deficiency by providing evidence that defendant was "re-served with the summons and complaint, together with the Section 1320 notice").

Further, the Court finds the affidavit and proof of service provided by Plaintiff sufficiently demonstrates compliance with the statutory requirements. Defendant relies on *Freedom Mortgage Corporation v. Thomas*, 736 F. Supp. 3d 163 (W.D.N.Y. 2024), to argue that Plaintiff has not fulfilled the "special summons" and service requirements. However, the facts of *Freedom Mortgage* are distinguishable from this case. There, the plaintiff offered an unsworn assertion that a "special summons," along with CPLR and RPAPL notices, were delivered to defendant when service was effectuated. *See* 736 F. Supp. 3d at 166-67. The court determined that the assertion alone did not fulfill plaintiff's burden to show compliance with RPAPL requirements. *Id.* Thus, plaintiff's motion for default judgment was denied. *Id.*

Here, Plaintiff has submitted an affidavit of service which affirms under oath that several specified statutory notices were included with the summons when it was served on Defendant Copp. (*See* Dkt. No. 31). Although the affidavit of service describes the relevant notice only as "Notice with Exhibit A – H," the referenced exhibits plainly include a one-page notice, in boldface type, which conforms to the language required by RPAPL Section 1320. (*See* Dkt. No. 31-7). Thus, Plaintiff has met its burden to establish that plaintiff was served Section 1320 notice, along with the summons and complaint, on May

29, 2024. *See Lancor*, 2022 U.S. Dist. LEXIS 176691, at *4 (accepting copy of Section 1320 notice and affidavit of service as proof of compliance with RPAPL requirements).[6]

Accordingly, because there are no material facts in dispute and because Plaintiff has established the common law elements of a mortgage foreclosure and demonstrated compliance with applicable RPAPL requirements, the Court recommends that Plaintiff's motion for summary judgment be granted.

Although there is $289,616.27 due and owing to Plaintiff on the note, for foreclosure purposes Plaintiff only seeks to recover the total amount of $260,192.00, plus continuing interest at the rate of 5.375% per annum from October 21, 2024. (Dkt. Nos. 37-2; 37-3, ¶ 8). The Court recommends an award of judgment in the amount requested by Plaintiff as specified in the proposed judgment entry. (*See* Dkt. No. 37-13).

Plaintiff further requests an order granting plaintiff's attorney's fees in the sum of $5,900.00. (Dkt. No. 37-12). Plaintiff also requests reimbursement of costs amounting to $470.00. (*Id.*). Plaintiff's counsel submits a bill of costs and affirmation of legal services in support of his request, which includes an explanation of the flat fee agreement between Plaintiff and counsel. (*Id.*). The Court finds the fees and costs requested to be reasonable and recommends granting attorney's fees in the amount of $5,900.00, along with costs in the amount of $470.00.

---

[6] This matter is also distinguishable from *United States v. Scott*, 19-CV-1621, 2021 U.S. Dist. LEXIS 203848 (N.D.N.Y. Oct. 22, 2021). In *Scott*, the plaintiff conceded that it had not served the RPAPL § 1320 form but argued that a judgment of foreclosure could still be entered despite this non-compliance because no prejudice to defendant had resulted. *See id.*, at *4.

## CONCLUSION

For the foregoing reasons, it is recommended that the District Court grant Plaintiff's motion for summary judgment; that Plaintiff be awarded the damages, fees, and costs described herein; and that Plaintiff be granted an *in rem* judgment of foreclosure and sale pursuant to Rule 56(a) of the Federal Rules of Civil Procedure. (Dkt. No. 37). It is further recommended that Judge Sinatra sign the proposed judgment of foreclosure and sale filed by Plaintiff on October 31, 2024 at Dkt. No. 37-13.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby **ORDERED** that this Report and Recommendation be filed with the Clerk of Court.

Unless otherwise ordered by Judge Sinatra, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and W.D.N.Y. L. R. Civ. P. 72. Any requests for an extension of this deadline must be made to Judge Sinatra.

*Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.* See *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. See *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. L.R.Civ.P. 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**

**SO ORDERED.**

DATED:     April 16, 2025
           Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge

12